IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**GENARO VALENCIA-FARIAS**,

        Petitioner,     No. 3:12-cv-00778-MO
     No. 3:10-cr-00353-MO-1

        v.     OPINION AND ORDER

**UNITED STATES OF AMERICA**,

        Respondent.


**MOSMAN, J.**,

    Pro se petitioner Genaro Valencia-Farias filed a Motion to Vacate, Set Aside or Correct his sentence [71] pursuant to 28 U.S.C. § 2255. The Government filed a Response [77] and petitioner did not reply. For the following reasons, I deny Mr. Valencia-Farias's motion.

## BACKGROUND

    Mr. Valencia-Farias was initially charged with Conspiracy to Manufacture More than 1000 Marijuana Plants. (Indictment [1]). The charges stemmed from the operation of a marijuana cultivation site on United States Forest Service land. He pled guilty to a two-count Superseding Information [47], which charged him with Conspiracy to Manufacture More than

1 – OPINION AND ORDER

100 Marijuana Plants and with Depredation of Government Property. (Pet. to Enter Plea of Guilty [50] 2). Via the plea agreement, Mr. Valencia-Farias specifically agreed "not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in [the plea] agreement." (Plea Agreement [51] 2). He now claims he was denied his constitutional right to effective assistance of counsel. Specifically, Mr. Valencia-Farias asserts that, at sentencing, his counsel "should have requested . . . a time reduction" based on a 1995 Attorney General Memorandum that authorizes the Government to offer a downward departure if a defendant stipulates to a final deportation order. (Pet.'s Mtn. to Vacate [71] 5).

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, the petitioner must show he was prejudiced by his attorney's actions. *Id.* at 691. In the context of plea bargaining, a petitioner must establish a reasonable probability "that but for counsel's bad advice the outcome of the plea bargaining would have been different." *Perez v. Rosario*, 459 F.3d 943, 948 (9th Cir. 2006). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Applying this standard here, petitioner's motion and the record of this case conclusively show he is entitled to no relief.[1]  Petitioner's claim that his counsel should have asked for a downward departure at the sentencing hearing on September 13, 2011, fails under the first *Strickland* prong.  Had petitioner's counsel made that argument, it would have put petitioner in breach of the plea agreement, thereby risking a loss of his negotiated benefits under that agreement.  That risk would have outweighed any potential benefit of such a request.  As explained below, any request for this downward departure would have been rejected at sentencing based on the bare facts plaintiff now alleges.  Accordingly, petitioner's counsel did not provide representation outside the wide range of competent representation merely because he did not ask for this departure at sentencing.

While not clear from his petition, petitioner may also be arguing that the ineffective assistance occurred before sentencing because his counsel never informed him of the possibility of seeking a downward departure if he stipulated to deportation and that, had his counsel done so and raised the issue with the Government, it would have changed the plea agreement.  This argument fails because, even taking his allegations to be true, there is no alleged prejudice to petitioner.

The sentencing court has authority to depart downward if it finds a mitigating circumstance exists that was "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (rendered advisory by *United States v. Booker*, 543 U.S. 220 (2005)).  Section 3553(b) permits departure from the designated sentencing range for those circumstances falling outside the "heartland" of circumstances in

---

[1] A court is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982).  Instead, a petitioner must "make specific factual allegations which, if true, would entitle him to relief." *Id.*

3 – OPINION AND ORDER

typical cases. *Koon v. United States*, 518 U.S. 81, 92–94 (1996). Departures based on grounds not mentioned in the sentencing guidelines will be "highly infrequent." *United States v. Charry Cubillos*, 91 F.3d 1342, 1345 (9th Cir. 1996) (quoting *Koon*, 518 U.S. at 96). The Ninth Circuit has suggested in dicta that, whether or not the Government consents, and whether or not the defendant has a colorable defense to deportation, a defendant's stipulation to administrative deportation provides a valid basis for a downward departure if the facts and circumstances of the stipulated deportation somehow take the case out of the "heartland." *See United States v. Rodriguez-Lopez*, 198 F.3d 773, 777 n.4 (9th Cir. 1999). But, in this case, petitioner does not allege he had any colorable defense to deportation that he might have given up and does not allege any other facts or circumstances that might have brought this case outside the heartland if petitioner simply stipulated to a deportation for which he admittedly had no defense. Accordingly, to the extent petitioner argues his counsel failed to advise him of the right to stipulate to deportation and thereby possibly obtain a downward departure at sentencing, his argument fails. Even if his counsel failed to advise petitioner of this issue and such failure fell outside the scope of sufficient representation, there is no indication of prejudice to petitioner because there is no indication his plea bargaining might have gone differently.[2]

## CONCLUSION

Based on the foregoing reasons, petitioner's Motion to Vacate, Set Aside or Correct [71] is DENIED without an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I decline

---

[2] Petitioner's reference to the 1995 Attorney General Memorandum does not change the result. Petitioner does not allege the Government ever exercised its discretion to recommend a downward departure under the terms of that memorandum. And petitioner does not allege he conceded deportability to the Government before sentencing, which is a prerequisite to such a recommendation under petitioner's description of the memorandum.
I also note that petitioner argues his counsel provided ineffective representation by not arguing that petitioner's deportation should have been a condition of supervised release. (Pet. [71] 6). Among other things, he does not allege any prejudice from this alleged failure by his counsel and I therefore reject this argument as well.

to issue a certificate of appealability because petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).

    IT IS SO ORDERED.

    DATED this  7th  day of August, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

5 – OPINION AND ORDER